Opinion filed September 18, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed September
18, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00059-CR

                                           __________

 

                              WILLIAM TROY BRYANT III, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 32nd District Court

 

                                                           Nolan
County, Texas

 

                                                    Trial
Court Cause No. 10477

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
trial court convicted William Troy Bryant III, upon his pleas of guilty, of
aggravated sexual assault of a child and indecency with a child by exposure.  A
plea bargain agreement was not entered.  The trial court assessed his
punishment at confinement for twenty years for the aggravated sexual assault
offense and confinement for five years for the indecency offense.  We affirm.








Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has
provided appellant with a copy of the brief and advised appellant of his right
to review the record and file a response to counsel=s brief.  A response has been filed.

Appellant
states at the beginning of his response, ABefore
I give the following reasons I hope for an appeal, I would first like to say
that I am guilty.@ 
Appellant outlines why he thinks his trial counsel was ineffective and why his
plea was not entered voluntarily.  Appellant contends that he feels his trial
counsel did not represent him to the fullest of counsel=s ability, that he Awas only allowed 30 days to file for the
appeal after his conviction,@
that he does not think his trial counsel timely filed his appeal, that he was
not allowed the opportunity to take a test to determine if he was likely to
offend again, and that he thought he was signing an agreement for community
supervision when he signed his plea paper.  Appellant also expresses concern about
the length of his sentences because these are his first offenses and another
inmate had told him that he received shock probation for his first offense.

The
record reflects that appellant was originally indicted for eleven offenses:
seven aggravated sexual assaults, two sexual assaults, and two indecencies with
a child.  All offenses involved the same victim.  The State abandoned nine of
the counts, and appellant entered his guilty pleas to the two remaining
counts.  The trial court admonished appellant both in open court and in
writing.  These admonishments complied with the requirements of Tex. Code Crim. Proc Ann.
art. 26.13 (Vernon Supp. 2008).  Appellant also testified at the trial
admitting his guilt and stating that he understood the proceedings and plea
process.   Appellant requested the preparation of a presentence investigation
report, and the trial court set the case for a separate hearing on punishment. 

The
victim testified at the punishment hearing that she was fifteen years old, that
she was diagnosed with cystic fibrosis and diabetes, that she had had a stroke,
and that she knew appellant because he used to live with her maternal
grandmother.  The victim stated that she had spent a lot of time with her
grandmother and appellant.  Appellant helped care for the victim and gave her
treatments for cystic fibrosis.  She stated that appellant had penetrated her
private parts and that she had seen his private part.








The
victim=s mother
testified that she had known appellant most of her life and that appellant was
well aware of the victim=s
medical condition before he moved in with her mother (the victim=s grandmother).  Appellant
had been with the family when the victim had her stroke in 2001 and almost
died.  Appellant was the one who called the minister so the family would not be
alone when Athe
machines@ were shut
off.

 Appellant=s employer, four coworkers,
and his sister testified as to character.  These witnesses described appellant
as dependable, trustworthy, and Agenuinely
remorseful for what had happened.@ 
They described his sexual conduct with the victim as Aa really dumb mistake.@  The probation officer that prepared
appellant=s
presentence investigation report testified that he did not conduct the test or Ainstrument@ that evaluates the
likelihood of re-offending.  He stated that the test was available but that the
trial court had not directed that it be administered.  He also stated that he
did not know if the test would be helpful.  In response to the State=s cross-examination, the
officer explained that appellant had shown no remorse in his statement. 

Appellant
testified that he felt very bad about what he had done and that he had sought
spiritual advice and counseling.  He stated that he had known the victim since
she was five.  Appellant further stated that he had learned Afrom what=s happened@ and that he did not want Ato hurt any more like this
knowing that [he] hurt someone that bad.@  
Appellant described his pain as Aworse
than [he] ever thought.@ 
Appellant asked the trial court for leniency.

The
sentences assessed were well within the range authorized by the legislature for
first and third degree felonies.  Tex.
Penal Code Ann. ''
12.32, 12.34 (Vernon 2003).   A penalty assessed within the range of punishment
established by the legislature will not be disturbed on appeal. Jackson v.
State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield v. State, 42
S.W.3d 350, 354 (Tex. App.CEastland
2001, pet. ref=d).








The
record does not support appellant=s
contentions.  The record reflects that his trial counsel met the standards for
reasonably effective assistance of counsel.  Wiggins v. Smith, 539 U.S.
510, 520 (2003); Strickland v. Washington, 466 U.S. 668, 690
(1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); Hernandez
v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).  Trial counsel
actively represented appellant in all phases of the trial:  pretrial, trial,
and posttrial.  Trial counsel filed appropriate motions, elicited testimony and
cross-examined the State=s
witnesses, and timely perfected an appeal.  Nothing  reflects that counsel=s representation was not
within the range of competence demanded of attorneys in criminal cases or that
there is a reasonable probability that, but for any error on trial counsel=s part, appellant would
have not pleaded guilty but would have insisted on going to trial.  Hill v.
Lockhart, 474 U.S. 52 (1985); Kober v. State, 988 S.W.2d 230, 232
(Tex. Crim. App. 1999); Ex parte Morrow, 952 S.W.2d 530 (Tex. Crim. App.
1997).  In fact, appellant has never denied his guilt, and his position has
always been to ask for a lenient punishment.  All of appellant=s contentions have been
considered, and each is overruled.

Court-appointed
counsel has complied with the requirements of Anders v. California, 386
U.S. 738 (1967); In re Schulman, 252 S.W.3d 403 (Tex. Crim. App. 2008); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684
(Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim.
App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66. Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the judgment is affirmed.

 

 

PER CURIAM

 

September 18,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.